UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK KANG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2318** |
| **BURL CAIN, WARDEN** | **SECTION "G"(2)** |

## STAY ORDER AND REASONS

Plaintiff Frank Kang filed a petition for habeas corpus relief under 28 U.S.C. § 2254. He challenges his 2000 conviction for second degree murder in Jefferson Parish. Record Doc. No. 1, Petition; Record Doc. No. 25, Supplemental Memorandum. Kang asserts that (a) he is actually innocent; (b) he was denied effective assistance of trial and post-conviction counsel; (c) he was denied a fair trial by a jury that was not impartial; (d) certain evidence was improperly admitted; (e) prosecutorial misconduct occurred; and (f) he was otherwise prejudiced by the cumulative errors.

The State filed a response and a supplemental response in opposition to Kang's submissions, arguing that Kang failed fully to exhaust his ineffective assistance of counsel claims through the state courts, has no right to assert a free-standing actual innocence claim, has no grounds to excuse a procedural bar to review of his unexhausted claims, and otherwise has failed to assert a meritorious claim warranting federal habeas corpus relief. Record Doc. Nos. 15, 31.

"Section 2254(b) requires that prisoners must ordinarily exhaust state court remedies before filing for federal habeas relief." Cullen v. Pinholster, 563 U.S. 170, 182 (2011); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.") (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). The Supreme Court has consistently interpreted Section 2254 to require a federal habeas petitioner to complete exhaustion before seeking federal relief in order to promote "'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'" (citations omitted) Carey v. Saffold, 536 U.S. 214, 220 (2002) (quoting Williams v. Taylor, 529 U.S. 420, 436 (2000) and O'Sullivan v. Boerckel, 526 U.S. 838, 844-845 (1999)); Cullen, 563 U.S. at 186; Jiminez v. Quarterman, 555 U.S. 113, 121 (2009); Woodfox v. Cain, 805 F.3d 639, 648 (5th Cir. 2015) (failing to require complete exhaustion "upsets the federal-state comity concerns of the AEDPA ... .").

For this reason, the Supreme Court also provides that petitions containing unexhausted claims and mixed petitions containing both exhausted and unexhausted claims should be dismissed to require complete exhaustion. Pliler v. Ford, 542 U.S. 225, 233 (2004); Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20). To achieve these important goals of deference to state court

proceedings, 28 U.S.C. § 2254(b)(1)(A) does not allow a federal court to grant relief on a habeas claim, unless the petitioner has exhausted state court remedies. Cullen, 563 U.S. at 181. Under 28 U.S.C. § 2254(b)(2), this court may address an unexhausted claim only if it is to be "denied on the merits."

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Whitehead, 157 F.3d at 387 (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). It is not enough for a petitioner to assert the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim). This case, which includes both exhausted and unexhausted claims, is therefore a "mixed petition," which is subject to dismissal for that reason. See Whitehead, 157 F.3d at 387. Kang concedes that he did not present his ineffective assistance of trial counsel claims to the Louisiana Supreme Court to exhaust state court review of these claims that he raised on state post-conviction review.

Although dismissal is the preferred disposition for a mixed petition containing unexhausted claims, under the circumstances of this case, I will **STAY** the matter for the following reasons. In Pliler, 542 U.S. at 227, the Supreme Court addressed the

availability of a stay-and-abeyance in connection with "mixed petitions" for habeas relief containing both exhausted and unexhausted claims. Id. The Pliler Court reiterated the long-standing directive that a mixed petition should be dismissed without prejudice to require exhaustion. Id., at 233. The Supreme Court recognized that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust his claims in full; or (2) amend or resubmit his petition to raise only exhausted claims in the federal district court. Id.

The Supreme Court later held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. Rhines v. Weber, 544 U.S. 269, 278 (2005). The Rhines Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. Id., at 277 (emphasis added). Stays are improper when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." Id.

At this time, I am unable to conclude that Kang's ineffective assistance of counsel claims are "plainly meritless." I do not discern from the record that he has engaged in unnecessary litigation, abusive tactics or intentional delay.

As cause for his failure to exhaust, Kang indicates that his state post-conviction counsel inexplicably failed to include the ineffective assistance of trial counsel claims

in the Louisiana Supreme Court writ application. Kang suggests that counsel's failure to do so should not prevent this court from considering the merits of his substantial claim of ineffective assistance of trial counsel, citing <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309 (2012). Without addressing the applicability of <u>Martinez</u> to Kang's situation, I find that Kang's request to forgive any federal or state procedural barrier to review of his ineffective assistance of trial counsel claims is premature.

In this case, Kang has presented a colorable actual innocence argument as a basis to excuse any state imposed procedural default of his ineffective assistance of trial counsel claims. However, no such procedural bar has yet been imposed by the Louisiana Supreme Court, and I am unwilling to assume that it will do so. Kang, through new counsel, and the State recognize that other federal claims and supporting arguments, including the gateway opportunities presented through a showing of actual innocence and <u>Martinez</u>, which were presented in Kang's supplemental memorandum may require further exhaustion. Kang also may have unexplored avenues remaining in the state courts to enforce the state trial court's order directing release of the gunpowder residue kits and to pursue his actual innocence arguments.

Kang must give the state courts the first opportunity to consider his claims and arguments fully. At the same time, this court should maintain Kang's ability to return to this federal court if necessary, without risking AEDPA time bar or other impediments

in light of this court's recognition of the importance of comity, federalism and deference to the state courts. Under the compelling circumstances of this case, and because of the substantial likelihood that this court will at some point be considering the merits of Kang's claims and arguments once further proceedings in the state courts are exhausted, this matter will be stayed to allow Kang to complete exhaustion in the state courts.

A magistrate judge has authority to issue such a stay order, where the order is not dispositive, merely suspends the proceedings and does not result in an absolute denial of ultimate relief. Virgin Islands Water and Power Authority v. General Elec. Int'l Inc., 561 F. App'x 131 (3rd Cir. 2014); Securities Exchange Comm'n v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Powershare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010). Accordingly,

**IT IS ORDERED** that Kang's federal habeas corpus proceeding under 28 U.S.C. § 2254 is **STAYED**. The Clerk of Court is directed to **CLOSE** this case for all administrative and statistical purposes at this time.

**IT IS FURTHER ORDERED** that determination of Kang's Motion for Leave to Conduct Discovery, Record Doc. No. 23, is DEFERRED while this matter is stayed.

**IT IS FURTHER ORDERED** that counsel for Kang may move to re-open this matter no earlier than thirty (30) days after finality of all state post-conviction review through the Louisiana Supreme Court related to the unexhausted claims and arguments

asserted in the original petition and the supplemental memorandum in support of the petition. If this case is reopened, the deferred Motion for Leave to Conduct Discovery will be determined thereafter.

New Orleans, Louisiana, this ___7th___ day of March, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. NANNETTE JOLIVETTE BROWN**